J-S45017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE GUZMAN-RODRIGUEZ | |
| Appellant | No. 2082 MDA 2014 |

Appeal from the Judgment of Sentence of November 18, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0001491-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE VICTOR GUZMAN-RODRIGUEZ | |
| Appellant | No. 2083 MDA 2014 |

Appeal from the Judgment of Sentence of November 18, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0001476-2014

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 08, 2015**

Jorge Victor Guzman-Rodriguez appeals two judgments of sentence,

which were imposed at CP-06-CR-0001491-2014 and CP-06-CR-0001476-

_____

[*]     Former Justice specially assigned to the Superior Court.

2014 after Guzman-Rodriguez was convicted at each case number of delivery of a controlled substance, possession of a controlled substance with intent to deliver ("PWID"), and possession of a controlled substance.[1] Guzman-Rodriguez' counsel has filed a petition to withdraw as counsel, together with an *Anders* brief.[2] We find that Guzman-Rodriguez' counsel has satisfied the *Anders*/*Santiago* requirements and that Guzman-Rodriguez' has no meritorious issues to pursue on appeal. Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Guzman-Rodriguez' judgments of sentence.

The charges filed against Guzman-Rodriguez at CP-06-CR-0001491-2014 stem from an incident that occurred on June 10, 2013. In May 2013, the police were alerted to possible drug trafficking occurring at 305 South 3rd Street in Reading, Pennsylvania. During the course of investigating the report, the police decided to try and purchase drugs using a confidential informant and an undercover officer. On June 10, 2013, Detective Edwin Santiago, in an undercover capacity, was with a confidential informant who placed a phone call to a number assigned to a person that was believed to be involved in the drug trafficking at South 3rd Street. Detective Santiago

---

[1]   35 P.S. § 780-113(a)(30) (delivery and PWID), and (a)(16), respectively.

[2]   *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated in part by Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

and the confidential informant were directed to the 300 block of North 5th Street. Detective Santiago drove to that location, and pulled the vehicle to the side of the road. Shortly thereafter, Guzman-Rodriguez walked across the street and got into the back of Detective Santiago's vehicle. Guzman-Rodriguez and the informant spoke briefly, and then Detective Santiago asked Guzman-Rodriguez for the price of a "whole one," which is a commonly used term to refer to a ten-pack of heroin. Guzman-Rodriguez responded that the price for a "whole one" was fifty dollars. Guzman-Rodriguez instructed Detective Santiago to drive around the block. While Detective Santiago did so, Guzman-Rodriguez handed the detective ten packets of heroin.

Detective Santiago made another purchase of heroin from Guzman-Rodriguez on June 26, 2013, which served as the basis for the charges filed at CP-06-CR-0001476-2014. On that date, Detective Santiago and the confidential informant were directed to go to 305 South 3rd Street to make the purchase. At that location, the detective and informant met Guzman-Rodriguez in the first floor hallway inside the residence. Guzman-Rodriguez again sold them ten packets of heroin for fifty dollars.

Initially, the police did not know Guzman-Rodriguez's identity. After the first purchase, Detective Joseph Walsh took pictures of the people coming and going from the residence at 305 South 3rd Street. Guzman-Rodriguez was one of the individuals that had been photographed at that location by Detective Walsh. Additionally, Detective Michael Rowe

determined through Pennsylvania Department of Transportation Records that Guzman-Rodriguez listed the address as his residence. Detective Santiago reviewed the pictures and records before making the second purchase of heroin. After the purchase, Detective Santiago confirmed that Guzman-Rodriguez was the person who had sold him the heroin on both occasions. Detective Santiago also identified Guzman-Rodriguez at trial.

As noted, Guzman-Rodriguez was charged in two separate informations with an identical set of crimes. The cases were consolidated before one trial judge for unitary disposition. Before trial, Guzman-Rodriguez filed a motion seeking, *inter alia*, severance of the two cases for separate trials. The trial court denied the motion to sever following a hearing.

Following a jury trial, Guzman-Rodriguez was convicted of all three charges in both cases. In the aggregate, Guzman-Rodriguez was sentenced to serve three to six years' imprisonment, and a consecutive three year period of probation. Guzman-Rodriguez filed a timely post-sentence motion, in which he argued, *inter alia*, that the verdict was against the weight of the evidence. The motion was denied by the trial court.

On December 8, 2014, Guzman-Rodriguez filed a notice of appeal. On December 10, 2014, the trial court directed Guzman-Rodriguez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Guzman-Rodriguez timely filed a concise statement. On January 22, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Counsel for Guzman-Rodriguez has identified two issues for this Court's consideration, but ultimately concludes that the issues have no discernable merit. Those issues are as follows:

A. Whether the trial court erred in denying [Guzman-Rodriguez'] pretrial motion for severance?

B. Whether the guilty verdicts were against the weight of the evidence presented when the Commonwealth's witnesses failed to credibly establish [Guzman-Rodriguez'] identity?

*Anders* Brief for Guzman-Rodriguez at 7.

Because counsel for Guzman-Rodriguez proceeds pursuant to *Anders* and *Santiago*, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the issues presented by Guzman-Rodriguez. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must provide the following information:

(1) a summary of the procedural history and facts, with citations to the record;

(2) reference to anything in the record that counsel believes arguably supports the appeal;

(3) counsel's conclusion that the appeal is frivolous; and

(4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

- 5 -

Counsel also must provide a copy of the **Anders** brief to her client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see also Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, she must attach to her petition to withdraw the letter that she transmitted to her client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied the **Anders** requirements. Counsel has provided procedural and factual histories of this case, detailing the facts and events relevant to this appeal with appropriate citations to the record. **Anders** Brief at 8-13. Counsel also has articulated Guzman-Rodriguez' positions and has analyzed the issues in light of the record with appropriate citations to the record and case law. **Id.** at 16-23. Ultimately, counsel has concluded that Guzman-Rodriguez has no non-frivolous bases for challenging his sentence. **Id.** at 24.

Counsel also has sent Guzman-Rodriguez a letter informing him that she has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw as Guzman-Rodriguez' attorney; and

that Guzman-Rodriguez may find new counsel or proceed *pro se*. Counsel has attached the letter to her petition to withdraw, as required by **Millisock**. **See** Petition to Withdraw as Counsel, 3/18/2015, Exh. A. Accordingly, we conclude that counsel has complied substantially with **Anders**' technical requirements. **See Millisock**, 873 A.2d at 751.

We must now conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues may remain. **Santiago**, 978 A.2d at 355 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]") (quoting **Anders**, 386 U.S. at 744).

We begin with the issues identified by counsel. First, Guzman-Rodriguez would contend that the trial court abused its discretion by denying his motion to sever the two drug cases. We agree with counsel that this issue has no merit.

Recently, in **Commonwealth v. Ferguson**, 107 A.3d 206 (Pa. Super. 2015), a panel of this Court set forth a comprehensive discussion of the standards and principles that govern a challenge to the denial of a motion to sever as follows:

> "Whether [ ] separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." **Commonwealth v. Robinson**, 864 A.2d 460, 481 (Pa. 2004)

(quoting **Commonwealth v. Newman**, 598 A.2d 275, 277 (Pa. 1991)). Furthermore, "[an a]ppellant bears the burden of establishing such prejudice." **Commonwealth v. Melendez– Rodriguez**, 856 A.2d 1278, 1282 (Pa. Super. 2004) (*en banc*).

The Pennsylvania Rules of Criminal Procedure govern the joinder and severance of offenses as follows:

**Joinder—Trial of Separate Indictments or Informations**

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

**Severance of Offenses or Defendants**

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P. 583. Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. **Commonwealth v. Lauro**, 819 A.2d 100, 107 (Pa. Super. 2003).

[T]he "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of all Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id.* (emphasis in original) (quoting ***Commonwealth v. Collins***, 703 A.2d 418, 423 (Pa. 1997)). Moreover, "the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id.* (quoting ***Collins***, 703 A.2d at 423).

Reading these rules together, our Supreme Court established the following test for severance matters:

> Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Collins***, 703 A.2d at 422 (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 496-97 (Pa. 1988)).

Pursuant to this test, we must first determine whether the trial court abused its discretion in holding that evidence of each of the offenses would be admissible in a separate trial for the other. In making this determination, we are mindful that "[e]vidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit crime." *Id.*; ***see*** Pa.R.E. 404(b)(1) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2); ***see Melendez–Rodriguez***, 856 A.2d at 1283 (explaining that evidence of other crimes is admissible to show, *inter alia*, motive, intent, absence of mistake or accident, common scheme or plan, and identity). "In order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts 'must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and

circumstances.'" ***Melendez–Rodriguez***, 856 A.2d at 1283 (quoting ***Commonwealth v. Reid***, 811 A.2d 530, 550 (Pa. 2002)). "Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." ***Lauro***, 819 A.2d at 107 (quoting ***Collins***, 703 A.2d at 423).

***Ferguson***, 107 A.2d at 211 (citations modified).

Instantly, the issue of whether Guzman-Rodriguez was the perpetrator of the drug deals was a central issue in the case. In fact, Guzman-Rodriguez' second issue addresses whether the jury's conclusion that he was the perpetrator was against the weight of the evidence. Hence, Guzman-Rodriguez continues to maintain that he was not the person who met with and sold drugs to Detective Santiago and the confidential informant. After the first transaction, Detective Santiago did not know the identity of the person who sold him the drugs. However, after additional investigation, the police were able to identify Guzman-Rodriguez as the suspect, despite Guzman-Rodriguez' arguments to the contrary. Identity clearly was an issue in this case. Pursuant to Pa.R.E. 403(b), evidence of other bad acts is admissible to prove identity. Consequently, the evidence of each crime is admissible in a separate trial for the other to prove identity.

Next, we also agree with Guzman-Rodriguez' counsel that the jury was capable of separating the two crimes. The events in question occurred more than two weeks apart. The transactions differed in that the first one occurred in a vehicle, while the second one took place inside the residence. As our Supreme Court has noted, "[w]here a trial concerns distinct criminal

offenses that are distinguishable in time, space and the characters involved, a jury is capable of separating the evidence." ***Collins***, 703 A.2d at 423. There is no meaningful risk that the jurors would be confused or incapable of separating the crimes in their minds.

Finally, Guzman-Rodriguez was not unduly prejudiced by the trial court's decision to allow the jury to hear evidence of the separate, yet interrelated, crimes. Guzman-Rodriguez committed a pair of drug transactions. As was said in ***Lark***, "[This was a] series of crimes committed by the [appellant] which were all related. He created the sequence of events and cannot fairly now demand that the . . . matters be severed and tried in separate trials." ***Lark***, 543 A.2d at 500. Consequently, the trial court did not abuse its discretion in consolidating the informations in this case.

In the second listed issue, Guzman-Rodriguez would challenge the weight of the evidence offered by the Commonwealth to prove that he was the perpetrator of the two drug transactions. "For this Court to reverse the jury's verdict on weight of the evidence grounds, we must determine that the verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Johnson***, 910 A.2d 60, 64 (Pa. Super. 2006) (citation and internal quotation marks omitted).

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the

findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.*

Here, Detective Santiago identified Guzman-Rodriguez as the person who sold him drugs in each transaction. It is true that Detective Santiago could not identify Guzman-Rodriguez after the first transaction. However, from PennDOT records and surveillance photographs, Detective Santiago was able to identify Guzman-Rodriguez before and after the second transaction, as well as at trial. The jury was free to believe all or none of this evidence. *See Commonwealth v. Hackenberger*, 795 A.2d 1040, 1045 (Pa. Super. 2002). We discern nothing in the record that evinces an abuse of discretion by the trial court's conclusion that the verdict did not shock its conscience. Again, we agree with counsel that this issue has no merit.

Guzman-Rodriguez has filed multiple responses to counsel's *Anders* brief. Within those pages, Guzman-Rodriguez identifies other claims of error in the record, including, *inter alia*, challenges to the jury selection, the sufficiency of the evidence, and the failure to produce the identity of the confidential informant. None of the issues that Guzman-Rodriguez identifies for this Court were included within his Rule 1925(b) statement. In fact, counsel for Guzman-Rodriguez only identified the two errors discussed above

in his statement. Issues that are not raised in a timely concise statement are waived for purposes of the appeal. *See Commonwealth v. McBride*, 957 A.2d 752, 755 (Pa. Super. 2008). Thus, because these issues are waived and cannot be reviewed by this Court, they necessarily lack merit.

As set forth above, we have reviewed counsel's *Anders* brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that her client's interests are protected. We have conducted an independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that no non-frivolous challenges to Guzman-Rodriguez' judgments of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal.

Judgments of sentence affirmed. Counsel's petition to withdraw granted.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015

---

[3] Guzman-Rodriguez also has filed with this Court a petition for the appointment of counsel. As a result of our conclusions that counsel has satisfied the requirements of **Anders** and **Santiago**, and that counsel is permitted to withdraw as counsel, Guzman-Rodriguez no longer is entitled to court-appointed counsel. Guzman-Rodriguez' petition is denied.